**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAWN BALL,** | : | **CIVIL NO. 1:11-CV-1832** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **CAPTAIN POWLEY, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

**I.    Introduction**

In the Prison Litigation Reform Act, Congress established a series of procedures relating to prisoner civil litigation in federal court, procedures "designed to filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 204 ( 2007).  One critical component of these reforms calls upon federal courts to perform a gatekeeping function with respect to *pro se* inmates who repeatedly seek leave to proceed *in forma pauperis* while filing frivolous or meritless claims.  As part of this statutorily mandated process, we are obliged to screen civil complaints lodged by *pro se* litigants who wish to proceed *in forma pauperis*, deny such leave to prisoners who have on three or more prior occasions filed frivolous or

1

meritless claims in federal court, and dismiss these inmate complaints, unless the inmate alleges facts showing that she is in imminent danger of serious bodily harm. 28 U.S.C. §1915(g).

In the instant case, we are now called upon to perform this function, a function which is an integral part of these Congressional "reforms designed to filter out the bad claims and facilitate consideration of the good"in this field  Jones v. Bock,  549 U.S. 199, 204( 2007).  Upon consideration of this case, we conclude that the plaintiff, Dawn Marie Ball, has not, and cannot, credibly allege that she is in imminent danger of serious bodily harm as a result of the acts alleged in this complaint.  Therefore, she may not take advantage of the imminent danger of serious bodily harm exception to §1915(g).  However, we further find that, at present, Ball has only had two cases that were dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), since one of the prior dismissal orders in previous litigation was based upon Ball's failure to exhaust her administrative remedies in the prison system, a ground for dismissal that typically is not considered a "strike" for purposes of §1915(g)'s three strike rule.

Having made these findings, we recommend that the Court deny the motion to revoke *in forma pauperis* status.  However, given that we find that Ball has already incurred two strikes under §1915(g)'s three strike rule, we further place Ball on notice

that the instant case and many other actions currently filed by Ball may be subject to dismissal for failure to state a claim upon which relief may be granted, a ruling which would constitute a third strike, and could preclude Ball from filing further actions *in forma pauperis* in federal court.

## II.   Statement of Facts and of the Case

### A.   Dawn Marie Ball's Litigation History

In many ways, Dawn Ball's current circumstances inspire both sorrow and concern.  Dawn Ball is an inmate housed in the Restricted Housing Unit at the State Correctional Institution (SCI) Muncy, who by her own account suffers from a cascading array of severe mental illnesses, and who has candidly acknowledged that she is profoundly disturbed, informing the Court that:

> My mental health is declining. I suffer from OCD so bad I scrub my hands till they bleed, confusion, PTSD, disassociative disorder, I smell, see and hear things not there, severely stressed, phobias, agoraphobia, severe anxiety, lack of interest in things, lack of arousal in things, racing thoughts, suicidal, cognitive problems and disorders, lack of interest in life, disoriented, dizzyness, paranoid–schizophrenic, constant worry, frightened scared, can't properly care for myself, tics, bipolar, manic depressive, mood swings that are so severe, can't think clearly....

Ball v. Beard, No. 1:09-CV-845 (Doc. 42, pp.6-7).

Furthermore, Ball is also an inmate who has reported to the Court that she engages in multiple episodes of destructive, self-defeating and senseless behavior.

3

For example, recurring themes in Ball's lawsuits include Ball's penchant for smearing feces on herself and her cell, her destruction of her own clothing, and her use of her clothing to plug her toilet and flood her cell with water and human waste.  Ball is also, by her own admission, an inmate with a propensity for sudden, explosive rages, as illustrated by the civil complaint which she has filed Ball v. Barr, No.1:11-CV-2240 (M.D.Pa.).  In this complaint, Ball describes an episode in which a discussion regarding the aesthetic qualities of a piece of cornbread escalated in a matter of moments into a profanity-laced wrestling match over a food tray.

While she suffers from paranoia, schizophrenia, and experiences these visual and auditory hallucinations, Ball is also a prodigious federal court litigant, bringing numerous lawsuits based upon her perception of the events that take place around her in prison.  Indeed, at present Ball has a total of twenty-two lawsuits pending before this Court.[1]   Ball is also a prodigiously unsuccessful litigant, who has had at least

---

[1]See, e.g., Ball v. SCI Muncy, No.1:08-CV-700 (M.D.Pa.); Ball v. SCI-Muncy, No. 1:08-CV-701 (M.D.Pa.); Ball v. Hill, No.1:09-CV-773 (M.D.Pa.); Ball v. Beard, No. 1:09-CV-845 (M.D.Pa.); Ball v. Lamas, No. 1:09-CV-846, (M.D. Pa.); Ball v. Oden , No 1:09-CV-847 (M.D.Pa.); Ball v. Bower, No. 1:10-CV-2561 (M.D.Pa.); Ball v. Sisley, No. 1:11-CV-877 (M.D.Pa.); Ball v. Struther, No. 1:11-CV-1265 (M.D.Pa.); Ball v. Hummel, No. 1:11-CV-1422 (M.D.Pa.); Ball v. Beckley, No. 1:11-CV-1829 (M.D.Pa.); Ball v. Sipe, No. 1:11-CV-1830 (M.D.Pa.); Ball v. Craver, No. 1:11-CV-1831 (M.D.Pa.); Ball v. Powley, No. 1:11-CV-1832 (M..D.Pa.); Ball v. Cooper, No. 1:11-CV-1833 (M.D.Pa.); Ball v. Famiglio, No. 1:11-CV-1834 (M.D.Pa.); Ball v. Eckroth, No. 1:11-CV-2238 (M.D.Pa.); Ball v. Campbell, No. 1:11-CV-2239 (M.D.Pa.); Ball v Barr, No. 1:11-

4

three prior lawsuits dismissed either as frivolous or on the grounds that the lawsuit

failed to state a claim upon which relief could be granted.

The history of repeated, frivolous and meritless litigation in federal court by

this plaintiff began in March of 2008, when Ball filed a complaint in the case of Ball

v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.).  On December 10, 2008, the District

Court dismissed this civil action, citing Ball's failure to exhaust her administrative

remedies, and stating that Ball:

> does not dispute that she failed to exhaust her administrative remedies
> with regard to the issues raised in the complaint. Plaintiff's failure to
> oppose the remaining Defendants' motion, which also seeks dismissal
> for failure to exhaust administrative remedies, renders the motion
> unopposed. See L.R. 7.6. It is clear that Plaintiff's claims are not
> properly before this Court and must be dismissed.

(Doc. 36, p.5)

While, fairly construed, the District Court's dismissal decision rested on exhaustion

grounds, and did not entail an analysis of the merits of Ball's claims, the dismissal

order itself went on to state that any appeal of this dismissal would be "deemed

frivolous and not in good faith."   Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.)

(Doc. 36, p.6).

---

CV-2240 (M.D.Pa.); Ball v Giroux, No. 1:12-CV-10 (M.D.Pa.); Ball v Giroux,
No. 1:12-CV-11 (M.D.Pa.); Ball v Curham, No. 1:12-CV-12 (M.D.Pa.).

Nonetheless, Ball appealed this ruling. (Doc. 37) On July 22, 2010, the United States Court of Appeals for the Third Circuit affirmed the dismissal of this action, noting that:

> The District Court granted the Defendants' motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds of failure to exhaust administrative remedies. We agree with the District Court's decision and accordingly affirm the dismissal of Ball's claims.

Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.)(Doc. 44, p. 2-3) Thus, the Court of Appeals ruling, like the District Court's decision, was expressly based upon Ball's failure to exhaust her administrative remedies.

On May 5, 2009, Ball filed a second civil action in the case of Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.). This action was also dismissed by the District Court, which on this occasion considered the merits of Ball's claims and explicitly concluded that Ball had failed to state a claim upon which relief could be granted. Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.) (Docs 32, 33, and 36) Therefore, this second dismissal involved a merits analysis of Ball's claims, and a determination that Ball's complaint "fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Ball appealed this dismissal order, Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.) (Doc 34), but her appeal of this case was summarily denied by the Court of Appeals,  Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.) (Docs 48), and, on

October 29, 2010, this case was closed by the appellate court with the issuance of its mandate dismissing this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]   Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.) (Doc. 48)

While this action was pending, Ball filed yet another lawsuit in the case of Ball v. Butts, No. 1:11-CV-1068, (M.D.Pa.) on June 3, 2011.  Ball v. Butts, No. 1:11-CV-1068 (M.D.Pa.)(Doc. 1.)   On June 15, 2011, upon a screening review of this complaint, the District Court dismissed this action for failure to state a claim upon which relief could be granted. Ball v. Butts, No. 1:11-CV-1068 (M.D.Pa.)(Doc. 8). Ball appealed this dismissal. Ball v. Butts, No. 1:11-CV-1068 (M.D.Pa.)(Doc. 10). On September 21, 2011,  the Court of Appeals entered an opinion and order dismissing Ball's appeal as frivolous  pursuant to 28 U.S.C. § 1915(e)(2)(B).  That appellate court opinion and order spoke unambiguously regarding the frivolous nature of this particular lawsuit filed by Ball, stating in clear and precise terms that:

> Because we too have granted Ball leave to proceed IFP, we must screen this appeal to determine whether it is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(I). An appeal is frivolous if it "lacks an arguable basis

---

[2] 28 U.S.C. § 1915(e)(2)(B)(I) provides that; "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal, . . . is frivolous or malicious." Thus the appellate court's October 29, 2010 ruling was tantamount to a declaration that this action was also frivolous.

either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).
This appeal lacks any such basis.  As the District Court adequately
explained, immunity extends even to judicial acts that are "done
maliciously," and Ball has alleged nothing suggesting that Judge Butts
acted in the "clear absence of all jurisdiction." <u>Gallas v. Supreme Court
of Pa.</u>, 211 F.3d 760, 769 (3d Cir.2000) (citation and internal quotation
marks omitted). To the extent that Ball's request for injunctive relief
might not have been subject to dismissal under § 1915(e)(2)(B)(iii), it
was subject to dismissal under § 1915(e)(2)(B)(ii) because such relief is
not available against "a judicial officer for an act ... taken in such
officer's judicial capacity" under these circumstances. 42 U.S.C. § 1983.
Finally, we are satisfied that any amendment of Ball's complaint would
be futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 111 (3d
Cir.2002).  Thus, we will dismiss this appeal

<u>Ball v. Butts</u>, No. 11-2862,  2011 WL 4375782, 1 (3d Cir. Sept 21, 2011).

### B.   <u>Ball's Current Lawsuit</u>

It is against the backdrop of this history of unsuccessful, unexhausted and
meritless filings that Ball instituted the current lawsuit.  Two weeks after the Court
of Appeals affirmed this third dismissal order in a prior lawsuit brought by Ball,
finding that lawsuit to be frivolous, Ball filed a battery of six new lawsuits, including
this case.  <u>See, e.g.,</u>  <u>Ball v. Beckley</u>, No. 1:11-CV-1829 (M.D.Pa.); <u>Ball v. Sipe</u>, No.
1:11-CV-1830 (M.D.Pa.);  <u>Ball v. Craver</u>, No. 1:11-CV-1831 (M.D.Pa.);  <u>Ball v.
Powley</u>, No. 1:11-CV-1832 (M..D.Pa.); <u>Ball v. Cooper</u>, No. 1:11-CV-1833 (M.D.Pa.);
<u>Ball v. Famiglio</u>, No. 1:11-CV-1834 (M.D.Pa.).   In each instance, Ball's latest
lawsuits were accompanied by motions for leave to proceed *in forma pauperis*.

8

In this particular case, Ball has made conclusory allegations of various constitutional infractions, alleging that various staff have interfered with her receipt of mail in the summer of 2011. (Doc. 1)  While Ball seeks injunctive and declaratory relief, along with $20,000 in compensatory and punitive damages, from each defendant, notably absent from Ball's complaint are any allegations or well-pleaded facts demonstrating that this "prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).  In fact, Ball specifically refrained from identifying any "imminent danger of serious physical injury" when she filed her complaint, listing nothing in response to a question which asked whether she had suffered any serious physical injury. (Doc. 2)

We initially ordered this complaint served upon the defendants. (Doc. 7) Presented with this complaint, which is cast against this inmate's litigation history and background, the defendants have now moved to revoke Ball's *in forma pauperis* status, and dismiss this complaint. (Docs. 20-22)  Ball has responded to this motion. (Doc. 38)  Therefore, this matter is now ripe for resolution.

For the reasons set forth below, we recommend that the District Court find, first, that Ball has not, and cannot, credibly allege that she is in imminent danger of serious bodily harm as a result of the acts alleged in this complaint.  Therefore, she may not take advantage of the imminent danger of serious bodily harm exception to

§1915(g).  However, we further recommend that the Court find that, at present, Ball has only had two cases that were dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), since one of the prior dismissal orders entered against Ball in previous litigation was based upon Ball's failure to exhaust her administrative remedies in the prison system, a ground for dismissal that typically is not considered a "strike" for purposes of §1915(g)'s three strike rule.  However, given that we find that Ball has already incurred two strikes under §1915(g)'s three strike rule, we further recommend that Ball be placed on notice that a further screening analysis of the instant case indicates that it, too, may be subject to dismissal for failure to state a claim upon which relief may be granted, a ruling which would constitute a third strike, and could preclude Ball from filing further actions *in forma pauperis* in federal court.

## II.   DISCUSSION

### A.   28 U.S.C. §1915(g)– The Legal Standard.

Under the Prison Litigation Reform Act, this Court has an affirmative duty to screen and review prisoner complaints filed by inmates like Ball who seek leave to proceed *in forma pauperis*. 28 U.S.C. §1915A.  One aspect of this review, a review "designed to filter out the bad claims and facilitate consideration of the good," Jones

v. Bock,  549 U.S. 199, 204 ( 2007), entails ensuring that inmates who have abused

this privilege in the past are not permitted to persist in further *in forma pauperis*

litigation.  Towards that end, Congress enacted 28 U.S.C. §1915(g), which provides

in pertinent part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in
> a civil action or proceeding under this section if the prisoner has, on 3
> or more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury

28 U.S.C. § 1915(g).

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring

frivolous prisoner filings in the federal courts [a goal which] falls within the realm

of Congress' legitimate interests." Abdul-Akbar v. McKelvie, 239 F.3d 307, 318-19

(3d Cir. 2001).  With this goal in mind, it is well-settled that, "generally, a prisoner

may not be granted IFP [*in forma pauperis*] status if, on three or more occasions, he

brought an action that was dismissed as frivolous," Brown v. City Of Philadelphia,

331 F. App'x 898, 899, (3d Cir.2009), and inmates who attempt to bring such

lawsuits *in forma pauperis* should have their complaints dismissed. Id.

In determining whether a particular inmate-plaintiff has had three prior dismissals, or "three strikes," under §1915(g), we look to the status of the plaintiff's prior litigation history at the time she filed the current lawsuit. Thus, only dismissals which were actually ordered at the time of the filing of the instant case are counted towards a "three strike" assessment under §1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights. See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir.1999); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir.1996)." Lopez v. U.S. Dept. of Justice, 228 F. App'x 218 (3d Cir. 2007). However, in assessing when a particular inmate plaintiff is subject to the gatekeeping provisions of § 1915(g), it is also clear that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383 (5th Cir.1996); Abdul-Wadood v. Nathan, 91 F.3d 1023 (7th Cir.1996); Green v. Nottingham, 90 F.3d 415 (10th Cir.1996)." Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144 (3d Cir. 1997).

The grounds of dismissal cited by the court in its dismissal orders are also significant in this setting. Section 1915(g) provides that the preclusive effect of this three strikes rule only applies where each of the prior cases "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

be granted." Id.  Focusing on this statutory text, courts generally agree that the dismissal of an inmate lawsuit simply for failure to exhaust administrative remedies doe not constitute a dismissal "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  Therefore, such dismissals are typically not considered strikes for purposes of §1915(g)'s three strikes rule.  See, e.g., Tolbert v. Stevenson, 635 F.3d 646 (4th Cir. 2011); Turley v. Goetz, 625 F.3d 1005 (7th Cir, 2010); Tafari v. Hues, 473 F.3d 440 (2d Cir. 2007); Owens v. Isaac, 487 F.3d 561 (8th Cir. 2007);  Green v. Young, 454 F.3d 405 (4th Cir. 2006); Henry v. Medical Dept. at SCI Dallas, 153 F.Supp. 2d. 153, 155 (M.D. Pa. 2001).

Once it is determined that an inmate-plaintiff has had at least three prior lawsuits dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g) compels denial of *in forma pauperis* status and dismissal of *in forma pauperis* lawsuits unless the inmate alleges that he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  With respect to this specific statutory exception, it is clear that:

> The clause "unless he is in imminent danger of serious physical injury"
> is an exception to the preclusive effect of the statute. But the exception
> is cast in the present tense, not in the past tense, and the word "is" in the
> exception refers back to the same point in time as the first clause, i.e.,
> the time of filing. The statute contemplates that the "imminent danger"
> will exist contemporaneously with the bringing of the action. Someone
> whose danger has passed cannot reasonably be described as someone

who "is" in danger, nor can that past danger reasonably be described as "imminent."

Abdul-Akbar v. McKelvie, 239 F.3d at 313.

Moreover, in making this assessment of imminent danger:

> A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.' " Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir.1998) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. See Denton, 504 U.S. at 32. Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible.

Brown v. City Of Philadelphia, 331 F. App'x at 900.

## B.    Application of §1915(g)'s Three Strike Rule to This Lawsuit

In this case, Ball has opposed this motion to revoke her *in forma pauperis* status, advancing two principal arguments why §1915(g)'s three strike rule should not apply to this case. First, belatedly adopting a globally expansive view of what constitutes "imminent danger of serious physical injury" under 28 U.S.C. § 1915(g), Ball argues that she is exempt from §1915(g) because she is daily under imminent threat of serious bodily injury.

We conclude that Ball cannot avail herself in this case of the "imminent danger" exception to § 1915(g)'s preclusive effect in this particular case through belated and far-reaching claims of largely unidentified and unrelated threats to her safety.  Ball has not pleaded in her complaint that she is in imminent danger of serious bodily injury. (Doc. 1)  Quite the contrary, when specifically asked whether she faced an imminent risk of serious bodily injury at the time she filed this complaint, Ball said nothing which indicated an imminent risk to her safety. (Doc. 2) Ball's silence on this score is completely understandable since the nature of her claims simply do not lend themselves to credible assertions of imminent bodily harm. Ball's complaint simply alleges that she did not receive some mail in the summer of 2011.  Given the nature of these allegations, allegations which Ball did not choose to characterize as an imminent danger of serious bodily harm when she filed her complaint, this Court can justifiably discredit any belated "factual claims of imminent danger [as] 'clearly baseless,' i.e., allegations that are fantastic or . . . rise to the level of the 'irrational or wholly incredible,' " Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998).  Furthermore, Ball's contentions on this score ignore the fact that the  she must plead that the harm she faces *is imminent*.  As the Court of Appeals has aptly noted, this "exception is cast in the present tense, not in the past tense, and the word 'is' in the exception refers back to the same point in time as the first clause, i.e., the time of

filing.   The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action.   Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.' " Abdul-Akbar v. McKelvie, 239 F.3d at 313.

This proposition that the imminent danger must exist at the time of the filing of the complaint is also fatal to Ball's efforts to take advantage of this particular exception to §1915(g)'s three strike rule.   In short, whatever safety risk Ball may have faced last summer due to lost mail, had long since passed by the time she filed her complaint in October 2011.   Therefore, since "[s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent,'" id., and this Court can justifiably discredit any belated "factual claims of imminent danger [as] 'clearly baseless,' i.e., allegations that are fantastic or . . . rise to the level of the 'irrational or wholly incredible,' " Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998), Ball's current allegations in this particular lawsuit do not constitute the type of "imminent danger of serious physical injury' contemplated under §1915(g).[3]

---

[3] Ball's claims that she suffers from imminent bodily harm are further undermined by the declaration provided by Dr. Gregory Famiglio, current Medical Director at SCI-Muncy, and one of Ball's treating physicians. (Doc. 23,

Yet, while Ball cannot entirely avoid the reach of §1915(g) simply by claiming that she is in some type of danger, we find that the defendants' motion is premature since Ball has not yet incurred three strikes.  Rather, we conclude that Ball is on the praecipe of this three strike bar having incurred two full strikes, but–by the slimmest of margins–believe that she is not yet subject to this statutorily-mandated bar.  In reaching this conclusion, we find that two of the prior dismissals suffered by Ball, in Ball v. Butts, No. 1:11-CV-1068 (M.D.Pa.) and Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.), plainly constitute strikes under §1915(g).  In both instances, the District Court dismissed Ball's complaint for failure to state a claim upon which relief can be granted, a grounds for invoking §1915(g)'s statutory preclusion.  Moreover, in both instances, Ball exhausted her appeals, and the appellate court also found her complaints to be without merit.  Indeed, the Court of Appeals' rulings in both cases

---

declaration of Dr. Gregory Famiglio, Exhibit C). Dr. Famiglio reports that the plaintiff demands care on an almost daily basis yet she has no need for such care. (Id., ¶ 6.) The plaintiff claims back pain, headaches, fungal scalp infections and numerous other conditions that have not been supported by any objective findings or examinations.( Id., ¶ 9.) According to Dr. Famiglio, currently, the plaintiff is in stable condition with no current conditions requiring regular monitoring let alone treatment. (Id., ¶ 13.) Moreover, in some instances Ball's past ailments have been a product of her own bizarre institutional behavior, such as the fecal borne lung infection she contracted as a result of frequently handling her own waste, and smearing feces on her cell.

were tantamount to declarations that Ball's cases, and appeals, were frivolous. Therefore, Ball clearly comes before this Court now subject to two prior strikes.

However, with respect to the third prior dismissal suffered by Ball to date, in Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.), while the District Court stated that any appeal of the dismissal order would be "deemed frivolous and not in good faith." Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.) (Doc. 36, p.6), suggesting that the case was being dismissed as frivolous, closer examination reveals the dismissal to have been based on Ball's failure to exhaust her administrative remedies. As we have noted, typically the dismissal of an inmate lawsuit simply for failure to exhaust administrative remedies does not constitute a dismissal "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Therefore, such dismissals are not considered strikes for purposes of §1915(g)'s three strikes rule. See, e.g., Tolbert v. Stevenson, 635 F.3d 646 (4th Cir. 2011); Turley v. Goetz, 625 F.3d 1005 (7th Cir, 2010); Tafari v. Hues, 473 F.3d 440 (2d Cir. 2007); Owens v. Isaac, 487 F.3d 561 (8th Cir. 2007); Green v. Young, 454 F.3d 405 (8th Cir. 2006); Henry v. Medical Dept. at SCI Dallas, 153 F.Supp. 2d 153, 155 (M.D. Pa. 2001). In this case, we recognize that some of the language employed in the dismissal of Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.), could be construed as a finding that the case was "deemed frivolous and not in good faith," Ball v. SCI

18

Muncy, No. 1:08-CV-391 (M.D. Pa.) (Doc. 36, p.6), and would constitute Ball's third strike.  However, on balance, we believe that the better view is that this dismissal rested on administrative exhaustion grounds and, therefore, should not be considered a strike for purposes of §1915(g).

     **C.**     **Ball Should be Placed On Notice That Any Additional Merits Dismissals May Bar Future Filings By The Plaintiff Under 28 U.S.C. §1915(g)**

While we recommend that this motion revoke *in forma pauperis* status be denied since Ball has incurred only two strikes, as a matter of fundamental fairness to the plaintiff we are compelled to place her on notice that, pursuant to  28 U.S.C. §1915(g), she now stands on the verge of losing the opportunity to file further actions *in forma pauperis* due to her past history of meritless and frivolous litigation.  Indeed, one additional dismissal of any case for failure to state a claim will entitle future defendants to seek to deny Ball *in forma pauperis* status.

We place Ball on notice of this fact for at least three reasons:  First, we wish to be entirely fair to Ball, so that she can fully understand the consequences which may soon flow from her litigation choices.  Second, by providing this notice to Ball we ensure that Ball cannot be heard to complain in the future that she lacked notice of the fact that her current litigation choices could cause her to forfeit the opportunity to file cases *in forma pauperis* in the future.

19

Third, we recognize that Ball currently has at least seven cases[4] pending before this Court where there have been reports and recommendations issued, or adopted, recommending dismissal of claims. Ball should be aware that any one of these dismissals could ultimately constitute a third merits dismissal. Since that third dismissal may well severely restrict Ball's ability to appear as an *in forma pauperis* litigant in the future, as a matter of basic fairness to Ball we recommend that she re-examine whether she wishes to further pursue these particular matters.

In sum, as a matter of fundamental fairness to the Plaintiff, we place Ball on notice that the claims she advances in a number of prior filings may all be subject to dismissal for failure to state a claim upon which relief can be granted, a development which could also severely limit Ball's ability to pursue *in forma pauperis* litigation in the future. While Ball may act to avoid this potential outcome, she should act promptly.[5]

---

[4]Ball v. Beard, No. 1:09-CV-845 (M.D.Pa.); Ball v. Lamas, No. 1:09-CV-846, (M.D. Pa.); Ball v. Sisley, No. 1:11-CV-877 (M.D.Pa.); Ball v. Campbell, No. 1:11-CV-2239 (M.D.Pa.); Ball v Barr, No. 1:11-CV-2240 (M.D.Pa.); Ball v Giroux, No. 1:12-CV-10 (M.D.Pa.); Ball v Giroux, No. 1:12-CV-11 (M.D.Pa.).

[5]Ball is advised that she may avoid incurring this third strike simply by voluntarily dismissing any actions which she now considers to be without merit prior to the entry of an order dismissing an action with prejudice for failure to state a claim upon which relief may be granted. See Tolbert v. Stevenson, 635 F.3d 646 (4th Cir. 2011).

## IV.    __Recommendation__

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motion to revoke the plaintiff's leave to proceed *in forma pauperis* be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 31st day of January 2012.

_S/Martin C.  Carlson_
Martin C. Carlson
United States Magistrate Judge

21